**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

City of Cincinnati,

    Plaintiff,

    v.                                    Case No. 1:03cv731

United States of America, *et al.*,        Judge Michael R. Barrett

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon the United States' Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment (Doc. 11); the City of Cincinnati's Motion for Summary Judgment (Doc. 14); and the City of Cincinnati's Motion for Leave to File Amended Complaint (Doc. 23).

**I.    FACTUAL BACKGROUND**

The City has brought this action against the United States in an attempt to collect stormwater system charges billed by the City. Article XIX, Section 7 of the City of Cincinnati Administrative Code requires that the City's division of stormwater management utility "charge a storm drainage service charge based on individual contribution of runoff to the system, benefits enjoyed and service received." The City enacted the Stormwater Management Code, which provides:

> a storm drainage service charge shall be made on each lot or parcel in the city. Each property's contribution to runoff shall be the primary consideration in setting the service charge.

The City argues that the Clean Water Act, 33 U.S.C. § 1323, waives sovereign immunity and provides that each federal agency shall be subject to, and comply with, all

local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges.

## II. ANALYSIS

### A. Motion to Amend

In its Motion for Leave to File Amended Complaint, the City seeks to withdraw its claim under the Tucker Act, and add a claim based on *quantum meruit*.

Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained that a motion to amend generally should be granted:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

The United States argues that the City should not be permitted to amend its Complaint because the amendment is futile on two different grounds. First, the United States argues that the City has not demonstrated a basis for federal jurisdiction because its Complaint and Amended Complaint are based upon state and/or local law. The United States explains that the Clean Water Act provision cited by the City cannot serve as a basis for jurisdiction because waiver of immunity is only relevant as a defense to liability.

Second, the United States argues that the City's *quantum meruit* claim is barred by *res judicata* since the City's claims rest upon the same series of transactions which were the subject of an action brought by the City against the United States in the U.S. Court of Federal Claims in 1996. The Court will address each of these arguments separately.

### 1. Federal jurisdiction

Under the doctrine of sovereign immunity "the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Testan*, 424 U.S. 392, 399 (1976), *quoting United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941); *see also Federal Exp. Corp. v. U.S. Postal Service*, 151 F.3d 536, 539 (6th Cir. 1998) ("The federal courts may exercise subject matter jurisdiction over a cause prosecuted against a federal agency only if the United States has consented to be sued by waiving sovereign immunity"). A waiver of sovereign immunity cannot be implied and Congress must express the waiver unequivocally. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *U.S. v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (explaining that jurisdiction over any suit against federal government requires clear statement from United States waiving sovereign immunity, together with a claim falling within the terms of the waiver).

> In addition, as this Court has explained:
>
> a district court lacks subject matter jurisdiction over a claim against the United States (or its agencies) unless there is an affirmative statutory grant of jurisdiction and there is a waiver of sovereign immunity. Strictly speaking, however, the immunity defense available to the sovereign does not necessarily present, and should not be confused with the question of subject matter jurisdiction. The district court may have the power to adjudicate a claim against the sovereign under its general federal question jurisdiction,

just as the court might equally have jurisdiction in an action against any other legal entity; but the court must find that such claim is not viable unless the sovereign has consented to be sued in that court in the same manner as another legal entity. Conversely, the sovereign may consent to be sued in a given case, but the district court may lack subject matter jurisdiction over the otherwise viable claim if no substantial federal question is presented, diversity is wanting, and no other statutory jurisdictional predicate is applicable.

Thus, the question of subject matter jurisdiction in an action against the sovereign does not raise *per se* a question of sovereign immunity. Where, however, as is often the case, a statutory waiver of immunity and an associated jurisdictional grant are drafted so that their operation is interdependent, then the question of jurisdiction may suggest the bar of immunity by virtue of such interdependence.

*Brewer v. Department of Housing and Urban Development*, 508 F.Supp. 72, 75 (S.D.Ohio 1980) (citations omitted).

### 2. 28 U.S.C. § 1331 and 28 U.S.C. § 2201

In its proposed Amended Complaint, the City cites to 28 U.S.C. § 1331, the federal question jurisdiction statute, and 28 U.S.C. § 2201, the Declaratory Judgment Act, as its bases for this Court's jurisdiction.[1] However, neither statute provides for a waiver of sovereign immunity. *Normandy Pointe Associates v. Federal Emergency Management Agency*, 105 F.Supp.2d 822, 826-27 (S.D.Ohio 2000). The federal question jurisdictional statute "is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain." *Whittle v. U.S.*, 7 F.3d 1259, 1262 (6th Cir. 1993). Likewise, the Declaratory Judgment Act does not provide a waiver of sovereign immunity. Moreover, the Declaratory Judgment Act is not an

---

[1] In its original Complaint, the City cites the Tucker Act, 28 U.S.C. § 1346, *et seq.*, and the Declaratory Judgment Act as the bases for jurisdiction. (Doc. 1) See discussion of jurisdiction pursuant to the Tucker Act, *infra*.

independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id.*

### 3. Tucker Act

In its original Complaint, the City brings a claim pursuant to the Tucker Act. The Tucker Act provides federal courts with jurisdiction to hear monetary claims against the United States, as well as provides a limited waiver of sovereign immunity. 28 U.S.C. §§ 1346, 1491. The Court of Federal Claims has subject matter jurisdiction over claims founded upon the Constitution, laws, and regulations of the United States, or upon any express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). The district courts have original jurisdiction, concurrent with the Court of Federal Claims, for such claims not exceeding $10,000 in amount. 28 U.S.C. § 1346(a)(2).[2]

Presumably in reliance upon this jurisdictional amount, in its original Complaint the City limited its monetary damages to $10,000, even though the City claims it is entitled to the payment of charges in an amount over $100,000.

However, the Tucker Act does not provide a substantive right enforceable against

---

[2]Section 1346(a)(2) provides, in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

. . .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, ... except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States ... which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978....

the United States by a claim for money damages. *U.S. v. White Mountain Apache Tribe*, 537 U.S. at 472, *citing Mitchell v. U.S.*, 445 U.S. 535, 538-540 (1980); *and Mitchell v. U.S.*, 463 U.S. 206, 216 (1983). A claim for damages must rest upon the Constitution, a federal statute or regulation, or a express or implied contract. 28 U.S.C. § 1346(a)(2). A statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Mitchell*, 463 U.S. at 217, *quoting United States v. Testan*, 424 U.S. 392, 400 (1976) (internal quotation marks omitted). As the Supreme Court has explained:

> This "fair interpretation" rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity. "Because the Tucker Act supplies a waiver of immunity for claims of this nature, the separate statutes and regulations need not provide a second waiver of sovereign immunity, nor need they be construed in the manner appropriate to waivers of sovereign immunity." It is enough, then, that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be "lightly inferred," a fair inference will do.

*U.S. v. White Mountain Apache Tribe*, 537 U.S. 465, 472-73 (2003) (internal citations omitted).

Therefore, this Court does have jurisdiction under the Tucker Act to decide the City's claim of damages in so far as that claim is limited to $10,000, and provided that the City can show that it has a substantive right to those damages "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). Moreover, the Court notes that the Sixth Circuit has held that under the Tucker Act, where there are claims against the United States which are each for less than $10,000, the claims

can be joined and the actions can be brought in district court, even though the aggregate amount of the claims is over $10,000. *U.S. v. Louisville & Nashville R.R. Co.*, 221 F.2d 698, 702-703 (6th Cir. 1955).

### 4. Clean Water Act

First, the Court recognizes that the Supreme Court has held that the Clean Water Act's citizen suit provision provides a waiver of sovereign immunity, but the waiver does not extend to punitive fines. *Ohio v. U.S. Dept. of Energy*, 503 U.S. 607, 619 (1992); *cf. United States v. Tenn. Air Pollution Control Bd.*, 185 F.3d 529, 533 (6th Cir. 1999) (holding that Congress has waived federal government's sovereign immunity from punitive penalties under comparable civil suit provision in Clean Air Act, 42 U.S.C. § 7604(e)). However, the Supreme Court's holding is not applicable here because the stormwater system charge is not a punitive fine, and there is no indication that the City has met the notice requirements of 33 U.S.C. § 1365(b).[3]

Next, the Court addresses the City's argument that section 1323 of the Clean Water Act provides a waiver of sovereign immunity. That section provides in pertinent part:

> (a) Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with, all Federal, State, interstate, and local requirements,

---

[3]Furthermore, the record is not clear as to whether the City could enforce the stormwater system charges under the citizen suit provision. The City does falls within the citizen suit provision's definition of "citizen," *see* 33 U.S.C. § 1365(g) ("For the purposes of this section the term "citizen" means a person or persons having an interest which is or may be adversely effected.") *and* 33 U.S.C. §1362(5) ("The term 'person' means . . . municipality . . ."). However, while there is some indication in the record that the fees are related to the City's National Pollutant Discharge Elimination System permit, a requirement under the Clean Water Act, this does not mean that the stormwater system charges fall within the category of violations which can form the basis of a citizen suit, *see* 33 U.S.C. § 1365 (a)(1) (suit may be brought for violations of "an effluent standard or limitation under this chapter").

>administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity *including the payment of reasonable service charges*. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement, whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. This subsection shall apply notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law. Nothing in this section shall be construed to prevent any department, agency, or instrumentality of the Federal Government, or any officer, agent, or employee thereof in the performance of his official duties, from removing to the appropriate Federal district court any proceeding to which the department, agency, or instrumentality or officer, agent, or employee thereof is subject pursuant to this section, and any such proceeding may be removed in accordance with section 1441 et seq. of Title 28. No officer, agent, or employee of the United States shall be personally liable for any civil penalty arising from the performance of his official duties, for which he is not otherwise liable, and the United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court.

33 U.S.C. § 1323(a) (emphasis added).

The Supreme Court has held that the waiver of sovereign immunity contained in this federal facilities provision, like the waiver found in the citizen suit provision, does not extend to punitive fines. *Ohio v. Dept. of Energy*, 503 U.S. at 627. However, this Court finds that the Supreme Court's discussion of the waiver contained in *Ohio v. Dept. of Energy* is largely inapplicable. The Supreme Court found that the provision provided a waiver of sovereign immunity, but found that the waiver only extended to fines which were coercive in nature. *Id.* Here, the City is seeking to collect fees, not impose fines. Based upon this Court's reading of *Ohio v. Department of Energy* and the federal facilities provision, the City's stormwater system charge falls squarely within the waiver of sovereign immunity contained in the provision.

However, this finding of waiver is largely unnecessary because the Court also finds that the federal facilities provision creates a right capable of grounding a claim within the Tucker Act's waiver of sovereign immunity. The Court finds that the Clean Water Act's federal facilities provision is reasonably amenable to the reading that it mandates a right of recovery in damages. *See U.S. v. White Mountain Apache Tribe*, 537 U.S. at 473. The federal facilities provision specifically speaks of "the payment of reasonable service charges" and their enforcement in "Federal, State, or local courts or any other manner." Therefore, the Court has jurisdiction over the City's Tucker Act claim in its Original Complaint.

The Court finds further that because the stormwater system charges are to be assessed on a periodic basis, *see* City of Cincinnati Municipal Code § 720-63, it would be possible for the City to bring successive claims for each period which were less than the $10,000 jurisdictional limit of this Court. The Court notes that under Federal Rule of Civil Procedure 20(a) joinder should be given liberally. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") The Court would entertain a motion to amend the Complaint if it were made for this reason.

### 5. **Quantum meruit *claim***

Despite the above finding, the Court must address the City's motion to add a claim based on *quantum meruit*. "*Quantum meruit* is a theory of implied in law contract in which recovery is had where a benefit has been received by a defendant and it would be unjust or inequitable for the defendant to retain it." *U.S. for Use and Benefit of Ken's Carpets*

*Unlimited, Inc. v. Interstate Landscaping Co., Inc.*, 1994 WL 481684, *6 (6th Cir. 1994).

The City has failed to cite an adequate basis for jurisdiction for this cause of action. This Court would not have jurisdiction under the Tucker Act because the City asserts damages in its proposed Amended Complaint over the $10,000 jurisdictional amount. *Cooper v. Department of U.S. Air Force*, 2002 WL 1586300, *3 (S.D.Ohio 2002) (unpublished) (explaining that Court of Federal Claims has exclusive jurisdiction over all Tucker Act claims for more than $10,000), *citing United States v. Hohri*, 482 U.S. 64, 66 n. 1, (1987); *Warren v. U.S.*, 2006 WL 2375596, *2 (W.D.Ky. 2006) (slip op.) (finding a lack of jurisdiction because plaintiff is seeking back pay from United States in an amount well over $10,000; exclusive jurisdiction over claim is in Court of Federal Claims). Moreover, claims grounded on implied-in-fact contracts may be brought under the Tucker Act, but the Act does not confer jurisdiction with respect to contracts implied in law. *Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 738, n.10, *citing Hatzlachh Supply Co. v. United States*, 444 U.S. 460, 465, n. 5 (1980). The Tucker Act is understood to permit district courts to hear only cases which could be heard by the Court of Claims. *Richardson v. Morris*, 409 U.S. 464, 465-66 (1973). Because the City's amendment to add this claim would be futile, this Court will not grant leave to amend. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). After reaching this conclusion, the Court finds it unnecessary to address Defendants' argument that the City's *quantum meruit* claim is barred by *res judicata*.

### B. Motions for Summary Judgment

The Court, having reached the above conclusion, finds that United States' Alternative Motion for Summary Judgment (Doc. 11) and the City of Cincinnati's Motion for

Summary Judgment (Doc. 14) should be DENIED with the right to re-file after the City is permitted to amend its Complaint.

Based on the foregoing, is hereby **ORDERED** that:

1. The City of Cincinnati's Motion for Leave to File Amended Complaint (Doc. 23) is **DENIED**;

2. The United States' Alternate Motion for Summary Judgment (Doc. 11) and the City of Cincinnati's Motion for Summary Judgment (Doc. 14) are **DENIED** with the right to re-file;

3. This matter is set for a telephone status conference on **April 12, 2007 at 10:00 a.m.** before the undersigned. Parties shall initiate contact with the Court by calling 513-564-7660 five (5) minutes prior to 10:00 a.m.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett, Judge
                                               United States District Court